IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 0:09-499-CMC |
| v. | **OPINION and ORDER** |
| Morris Raneco Hayden, | |
| Defendant. | |

This matter is before the court on Defendant's motion for relief, filed in this court pursuant to 28 U.S.C. § 2255. Defendant's motion contains only one Ground for Relief. The Government has filed a motion for summary judgment, asserting that the § 2255 motion is untimely. Defendant has responded in opposition to the Government's motion.

**I. BACKGROUND**

In 2009, Defendant was indicted for his role in a drug distribution conspiracy in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii), and § 846. On June 9, 2009, the Government filed an Information under 21 U.S.C. § 851, notifying Defendant that based upon a prior qualifying conviction, he was subject to an enhanced penalty should he be convicted of the drug distribution offense. On July 20, 2009, Defendant entered into a plea agreement with the Government. On that same day, Defendant appeared with counsel and entered a guilty plea to the offense contained in Count One of the Indictment.

On October 20, 2009, Defendant appeared with counsel for sentencing. Defendant was sentenced to 120 months' imprisonment, the statutory mandatory minimum sentence. Defendant did not appeal his conviction or sentence. Defendant filed the current motion on July 9, 2012.[1]

**II. TIMELINESS**

Title 28, United States Code § 2255(f) imposes a one-year statute of limitation on motions for relief under 28 U.S.C. § 2255. Pursuant to the AEDPA, the limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255(f). Therefore, unless subject to a statutory exception, a defendant must file an application for relief under § 2255 within one year of his or her conviction becoming final.

Defendant's motion for relief was not filed until July 9, 2012. Defendant argues that his motion is timely under the holdings of *Carachuri-Rosendo v. Holder*, 560 U.S. __, 130 S. Ct. 2577 (2010), and the Fourth Circuit's application of *Carachuri-Rosendo* in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). These contentions are in error. In *United States v. Powell*, __ F.3d __,

---

[1]Defendant's motion was received by the Clerk of Court on July 12, 2012. However, because Defendant is incarcerated, he benefits from the "prison mailbox rule" enunciated in *Houston v. Lack*, 487 U.S. 266 (1988).

2012 WL 3553630 (4th Cir. Aug. 20, 2012), the Fourth Circuit held that *Carachuri* "is [ ] not retroactively applicable to cases on collateral review . . . ." 2012 WL 3553630 at *5.

Therefore, Defendant's motion is untimely under the statutory provisions of § 2255.

### III. EQUITABLE TOLLING

The Supreme Court has determined that the time limit for the filing of habeas corpus petitions "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. ___, 130 S.Ct. 2549 (2010).[2] A movant is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Whether a circumstance warrants equitable tolling is made on a case-by-case basis. *Holland*, 560 U.S. at ___, 130 S. Ct. at 2563 (quoting *Baggett v. Bullitt*, 377 U.S. 360, 375 (1964)).

### IV. MERITS

Even if this court were to apply equitable tolling to Defendant's motion, the motion fails on its merits. Defendant contends that he did not receive timely notice that he was subject to enhanced penalties, that he received ineffective assistance of counsel because counsel allegedly failed to "properly examine the state prior conviction before sentencing," Mot. at 4, and that his prior state court convictions are not qualifying "felony drug offenses" and he therefore should not be subject to the statutory mandatory minimum sentence of 120 months' imprisonment.

For the reasons stated by the Government, with which this court agrees and adopts, Defendant's arguments fail.

---

[2]*Holland* was a case involving whether equitable tolling applied to an untimely petition for relief under 28 U.S.C. § 2254. However, the Supreme Court's holding applies with equal force to motions for relief under § 2255. *See, e.g.*, *United States v. Terrell*, 405 F. App'x 731 (4th Cir. 2010).

3

V. CONCLUSION

Because Defendant's motion is untimely, and equitable tolling does not apply, this motion is subject to dismissal. In the alternative, even if equitable tolling applies to Defendant's motion, the motion fails on the merits. Accordingly, the Government's motion for summary judgment is granted and this matter is dismissed with prejudice.[3]

CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 5, 2012

---

[3]With his response to the Government's summary judgment motion, Defendant filed a motion to proceed *in forma pauperis* (*ifp*) and a motion for appointment of counsel. ECF Nos. 204 & 205. Defendant's motion to proceed *ifp* is granted; the motion for appointment of counsel is denied as moot.